James S. Brown, J.
Motion by petitioner to stay an action in the City Court wherein respondent is plaintiff and petitioner and others are defendants. The action is to recover a judgment in the sum of $5,000 for moneys allegedly loaned by respondent to petitioner. . Petitioner and respondent are husband and wife. Heretofore they selected a board of three rabbinical arbitrators to settle their disputes, both marital and financial, and an interim decision was handed down by the board regulating the conduct of the parties with respect to the business of petitioner.
Respondent opposes the motion for a stay on the ground that the arbitration agreement is no longer in force by reason of petitioner’s violation of the terms thereof and further that by reason of the resignation of one of the arbitrators that under Jewish law the “ Din Torah ” may no longer function.
The issue of whether or not the parties have breached their agreement to arbitrate by violating the terms thereof or by neglecting to continue or complete the arbitration and whether the powers of the “ Din Torah ” have been terminated should not be decided on conflicting affidavits. Surely, the rabbinical board is competent to pass on these questions, to hear witnesses including petitioner and respondent and to appraise the value to be given to the testimony of any witnesses and to render a just and speedy determination respecting the rights of the parties. The board can apply the legal, moral and religious law to the dispute between the parties which is what the parties contemplated and intended when they agreed to arbitrate their dispute before such board.
The suit in the City Court, involving a financial dispute between the parties, and being among those matters upon which the parties agreed to arbitrate, will be stayed pending the determination by the board of arbitrators as to the rights of the respective parties.
Settle order on notice.